Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOLLAR GENERAL CORPORATION, individually and d/b/a "Bobbie Brooks," a Tennessee Corporation; STAR RIDE KIDS, INC., a New York Corporation; SUNFLOWER IMPORTS, a business entity of form unknown, individually and d/b/a "California Woman"; FORMAN MILLS, INC., a Pennsylvania Corporation; INDIA BOUTIQUE, INC., individually and d/b/a "Isla Bonita," a Florida Corporation; HOT RAGS, INC., an Illinois Corporation; LULAROE, LLC, a California Limited Liability Company; FANABERIE, a New York business entity of form unknown; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

- 1 -

COMPLAINT

Plaintiff, UNICOLORS, INC. (hereinafter "UNICOLORS"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff UNICOLORS is a corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that DOLLAR GENERAL CORPORATION, individually and d/b/a "Bobbie Brooks" ("Dollar General") is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business located at 100 Mission Ridge, Goodlettsville, Tennessee, 37072 and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that STAR RIDE KIDS, INC. ("Star Ride"), is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 1384 Broadway, 14th Floor, New York, New York, 10018 and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant SUNFLOWER IMPORTS, individually and d/b/a "California Woman" (collectively, "Sunflower"), is a business entity of form unknown with its principal place of business located in Los Angeles, California.

8. Plaintiff is informed and believes and thereon alleges that Defendant FORMAN MILLS, INC. ("Forman") is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 1070 Thomas Busch Memorial Hwy., Pennsauken, New Jersey, 08110, and is doing business in and with the State of California.

9. Plaintiff is informed and believes and thereon alleges that INDIA BOUTIQUE, INC., individually and d/b/a "Isla Bonita" collectively ("India") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 2030 N.W. 23rd Street, Miami, Florida 33142, and is doing business in and with the State of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant HOT RAGS, INC. ("Hot Rags") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 45 S. La Grange Road, La Grange, Illinois, 60525 and is doing business in and with the State of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant LULAROE, LLC ("LuLaRoe") is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 1375 Sampson Avenue, Corona, California, 92879 and is doing business in and with the State of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant FANABERIE ("Fanaberie") is a business entity of unknown form organized and existing under the laws of the State of New York with its principal place of business

1 located at 339 Bedford Avenue, Brooklyn, New York, 11211 and is doing business
2 in and with the State of California.
3     13. Plaintiff is informed and believes and thereon alleges that some of
4 Defendants DOES 1 through 5, inclusive, are manufacturers and/or vendors of
5 garments to named Defendant, which DOE Defendants have manufactured and/or
6 supplied and are manufacturing and/or supplying garments comprised of fabric
7 printed with Plaintiff's copyrighted designs (as hereinafter defined) without
8 Plaintiff's knowledge or consent or have contributed to said infringement. The true
9 names, whether corporate, individual or otherwise of Defendants DOES 1-5,
10 inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants
11 by such fictitious names and will seek leave to amend this complaint to show their
12 true names and capacities when same have been ascertained.
13     14. Defendants DOES 6 through 10, inclusive, are other parties not yet
14 identified who have infringed Plaintiff's copyrights, have contributed to the
15 infringement of Plaintiff's copyrights, or have engaged in one or more of the
16 wrongful practices alleged herein. The true names, whether corporate, individual or
17 otherwise, of Defendants DOES 6 through 10, inclusive, are presently unknown to
18 Plaintiff, which therefore sues said Defendants by such fictitious names, and will
19 seek leave to amend this Complaint to show their true names and capacities when
20 same have been ascertained.
21     15. Plaintiff is informed and believes and thereon alleges that at all times
22 relevant hereto each of the Defendants was the agent, affiliate, officer, director,
23 manager, principal, alter-ego, and/or employee of the remaining Defendants and was
24 at all times acting within the scope of such agency, affiliation, alter-ego relationship
25 and/or employment; and actively participated in or subsequently ratified and
26 adopted, or both, each and all of the acts or conduct alleged, with full knowledge of
27 all the facts and circumstances, including, but not limited to, full knowledge of each


and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN GT1148

16. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design the name GT1148 (hereinafter "Subject Design"). This artwork was a creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times, was owned exclusively by Plaintiff.

17. Plaintiff applied for and received a United States Copyright Registration for the Subject Design.

18. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design to numerous parties in the fashion and apparel industries.

19. Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design, and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Design.

20. Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design, Dollar General, Star Ride, Sunflower, Forman, India, Hot Rags, LuLaRoe, Fanaberie, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of Subject Design ("Infringing Product"). Such Infringing Product includes but is not limited to:

///

- 5 -

COMPLAINT

1  a) Garments bearing the label "Bobbie Brooks," a registered trademark
2  of Dollar General and allocated Style No. DG8037. Such Infringing
3  Product also bore RN 83951 and further noted its supplier as "Star
4  Ride Kids, Inc.," indicating said garments were manufactured by or
5  for Star Ride, who in turn supplied them to Dollar General.  It is
6  apparent from a comparison of the Subject Design and such
7  Infringing Product that the elements, composition, arrangement, and
8  appearance of the designs are substantially similar.  See below for a
9  comparison of one such Infringing Product ("Infringing Product A")
10  and the Subject Design;

27  ///

| Subject Design GT1148 | Infringing Product A – Item 31112754006 (Star Ride/Dollar General) |
|---|---|
| Details: | Details: |
| Design: | Garment: |

     b) Garments sold by Forman Mills under SKU No. 474013721007. Such Infringing Product was allocated Style No. SMX-005 and bore the label "California Woman" and RN 88716, indicating said garments were manufactured by or for Sunflower.  It is apparent from a comparison of the Subject Design and such Infringing Product that the elements, composition, colors, arrangement, and appearance of the designs are substantially similar.  See below for a comparison of one such Infringing Product ("Infringing Product B") and the Subject Design;

///

| Subject Design GT1148 | Infringing Product B – Style SMX-005 (Sunflower / Forman Mills) |
|---|---|
| Detail: | Detail: |
| Design: | Garment: |

1      c) Garments sold by Hot Rags under SKU 106109. Such Infringing
2         Product bore the label "Isla Bonita" and RN 113002, indicating it
3         was manufactured by or for India. It is apparent from a comparison of
4         the Subject Design and such Infringing Product that the elements,
5         composition, colors, arrangement, and appearance of the designs are
6         substantially similar.  See below for a comparison of one such
7         Infringing Product ("Infringing Product C") and the Subject Design;

27  ///

| Subject Design GT1148 | Infringing Product C – SKU 106109 (India / Hot Rags) |
|---|---|
| Detail: | Detail: |
| Design: | Garment: |

1   d) Garments sold by Fanaberie under the Item Description "LuLaRoe
2   Tribal Triangle Legging," indicating they were manufactured by or
3   for LuLaRoe. It is apparent from a comparison of the Subject Design
4   and such Infringing Product that the elements, composition, colors,
5   arrangement, and appearance of the designs are substantially similar.
6   See below for a comparison of one such Infringing Product
7   ("Infringing Product D") and the Subject Design.

///

| Subject Design GT1148 | Infringing Product D – Aztec Tribal Leggings (Lularoe/Fanaberie) |
|---|---|
| Detail:  | Detail:  |
| Design:  | Garment:  |

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

21. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

23. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were an illegal derivation or modification thereof.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

25. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

26. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

29. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

32. By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

33. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

<u>With Respect to Each Claim for Relief</u>

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: July 16, 2019

By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
UNICOLORS, INC.