**JUDGE'S COURTESY COPY**

1  Michael D. Adams (State Bar No. 185835)
   madams@rutan.com
2  Alejandro S. Angulo (State Bar No. 217823)
   aangulo@rutan.com
3  Meredith L. Williams (State Bar No. 292888)
   mwilliams@rutan.com
4  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Suite 1400
5  Costa Mesa, California 92626-1931
   Telephone:  714-641-5100
6  Facsimile:  714-546-9035

7  Attorneys for Defendant
   LULAROE, LLC

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  UNICOLORS, INC., a California          Case No. 2:19-cv-06103 CJC(PJWx)
    Corporation,
12                                         Judge:  Hon. Cormac J. Carney
                 Plaintiff,
13                                         [PROPOSED] STIPULATED
          vs.                              PROTECTIVE ORDER
14
    DOLLAR GENERAL CORPORATION,            Date Action Filed:  July 16, 2019
15  individually and d/b/a "Bobbie Brooks," Trial Date:         None Set
    a Tennessee Corporation; STAR RIDE
16  KIDS, INC., a New York Corporation;
    SUNFLOWER IMPORTS, a business
17  entity of form unknown, individually and
    d/b/a "California Woman"; FORMAN
18  MILLS, INC., a Pennsylvania
    Corporation; INDIA BOUTIQUE, INC.,
19  individually and d/b/a "Isla Bonita," a
    Florida Corporation; HOT RAGS, INC.,
20  an Illinois Corporation; LULAROE,
    LLC, a California Limited Liability
21  Company; FANABERIE, a New York
    business entity of form unknown; and
22  DOES 1 through 10,

23               Defendants.

24

25       Defendant LuLaRoe, LLC and Plaintiff Unicolors, Inc. (collectively, "the

26  parties") hereby jointly stipulate and request that this court enter the following

27  Protective Order governing the production and use of confidential information:

28

Rutan & Tucker, LLP
attorneys at law

2835/033910-0020                                    Case No.  2:19-cv-06103 CJC(PJWx)
14402109.1 a11/27/19              -1-                     [PROPOSED] STIPULATED
                                                           PROTECTIVE ORDER

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial and/or technical information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential materials and information consist of, among other things, confidential business or financial information, information regarding purchase and sale prices of materials by suppliers, manufacturers, importers or distributors, information regarding business practices, information regarding the creation, purchase or sale of consumer products, or other confidential commercial information (including information implicating privacy rights of third parties), information generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state of federal rules, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over

Rutan & Tucker, LLP
attorneys at law

2835/033910-0020
14402109.1 a11/27/19

-2-

Case No. 2:19-cv-06103 CJC(PJWx)
[PROPOSED] STIPULATED
PROTECTIVE ORDER

1 confidentiality of discovery materials, to adequately protect information the parties

2 are entitled to keep confidential, to ensure that the parties are permitted reasonable

3 necessary uses of such material in preparation for and in the conduct of trial, to

4 address their handling at the end of the litigation, and serve the ends of justice, a

5 protective order for such information is justified in this matter. It is the intent of the

6 parties that information will not be designated as confidential for tactical reasons

7 and that nothing be so designated without a good faith belief that it has been

8 maintained in a confidential, non-public manner, and there is good cause why it

9 should not be part of the public record of this case.

10 2.     DEFINITIONS

11      2.1     Action: This pending federal law suit.

12      2.2     Challenging Party: a Party or Non-Party that challenges the

13 designation of information or items under this Order.

14      2.3     "CONFIDENTIAL" Information or Items: information (regardless of

15 how it is generated, stored or maintained) or tangible things that qualify for

16 protection under Federal Rule of Civil Procedure 26(c), and as specified above in

17 the Good Cause Statement.

18      2.4     "ATTORNEYS EYES ONLY" Information or Items: information

19 (regardless of how it is generated, stored or maintained) or tangible things that

20 qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified

21 above in the Good Cause Statement that, due to the inherent trade secret nature and

22 competitive advantage maintained by one or both parties is only viewable by

23 counsel for the parties and other persons specified below.

24      2.5     Counsel: Outside Counsel of Record and House Counsel (as well as

25 their support staff).

26      2.6     Designating Party: a Party or Non-Party that designates information or

27 items that it produces in disclosures or in responses to discovery as

28 "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

Rutan & Tucker, LLP
attorneys at law

2835/033910-0020
14402109.1 a11/27/19

-3-

Case No.  2:19-cv-06103 CJC(PJWx)
[PROPOSED] STIPULATED
PROTECTIVE ORDER

1   2.7   Disclosure or Discovery Material: all items or information, regardless

2   of the medium or manner in which it is generated, stored, or maintained (including,

3   among other things, testimony, transcripts, and tangible things), that are produced or

4   generated in disclosures or responses to discovery in this matter.

5   2.8   Expert: a person with specialized knowledge or experience in a matter

6   pertinent to the litigation who has been retained by a Party or its counsel to serve as

7   an expert witness or as a consultant in this Action.

8   2.9   House Counsel: attorneys who are employed as in-house counsel to a

9   party to this Action.  House Counsel does not include Outside Counsel of Record or

10  any other outside counsel.

11  2.10  Non-Party: any natural person, partnership, corporation, association, or

12  other legal entity not named as a Party to this action.

13  2.11  Outside Counsel of Record: attorneys who are not employees of a

14  party to this Action but are retained to represent or advise a party to this Action and

15  have appeared in this Action on behalf of that party or are affiliated with a law firm

16  which has appeared on behalf of that party, and includes support staff.

17  2.12  Party: any party to this Action, including all of its officers, directors,

18  employees, consultants, retained experts, and Outside Counsel of Record (and their

19  support staffs).

20  2.13  Producing Party: a Party or Non-Party that produces Disclosure or

21  Discovery Material in this Action.

22  2.14  Professional Vendors: persons or entities that provide litigation

23  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

24  demonstrations, and organizing, storing, or retrieving data in any form or medium)

25  and their employees and subcontractors.

26  2.15  Protected Material: any Disclosure or Discovery Material that is

27  designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

28  2.16  Receiving Party: a Party that receives Disclosure or Discovery Material

Rutan & Tucker, LLP
attorneys at law

2835/033910-0020
14402109.1 a11/27/19

-4-

Case No.  2:19-cv-06103 CJC(PJWx)
[PROPOSED] STIPULATED
PROTECTIVE ORDER

1   from a Producing Party.

2   3.    SCOPE

3        The protections conferred by this Stipulation and Order cover not only

4   Protected Material (as defined above), but also (1) any information copied or

5   extracted from Protected Material; (2) all copies, excerpts, summaries, or

6   compilations of Protected Material; and (3) any testimony, conversations, or

7   presentations by Parties or their Counsel that might reveal Protected Material.

8        Any use of Protected Material at trial shall be governed by the orders of the

9   trial judge. This Order does not govern the use of Protected Material at trial.

10  4.    DURATION

11       Even after final disposition of this litigation, the confidentiality obligations

12  imposed by this Order shall remain in effect until a Designating Party agrees

13  otherwise in writing or a court order otherwise directs. Final disposition shall be

14  deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

15  or without prejudice; and (2) final judgment herein after the completion and

16  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

17  including the time limits for filing any motions or applications for extension of time

18  pursuant to applicable law.

19  5.    DESIGNATING PROTECTED MATERIAL

20       5.1    Exercise of Restraint and Care in Designating Material for Protection.

21  Each Party or Non-Party that designates information or items for protection under

22  this Order must take care to limit any such designation to specific material that

23  qualifies under the appropriate standards. The Designating Party must designate for

24  protection only those parts of material, documents, items, or oral or written

25  communications that qualify so that other portions of the material, documents,

26  items, or communications for which protection is not warranted are not swept

27  unjustifiably within the ambit of this Order.

28       Mass, indiscriminate, or routinized designations are prohibited. Designations

Rutan & Tucker, LLP
attorneys at law
2835/033910-0020
14402109.1 a11/27/19
-5-
Case No.  2:19-cv-06103 CJC(PJWx)
[PROPOSED] STIPULATED
PROTECTIVE ORDER

1  that are shown to be clearly unjustified or that have been made for an improper

2  purpose (e.g., to unnecessarily encumber the case development process or to impose

3  unnecessary expenses and burdens on other parties) may expose the Designating

4  Party to sanctions.

5      If it comes to a Designating Party's attention that information or items that it

6  designated for protection do not qualify for protection, that Designating Party must

7  promptly notify all other Parties that it is withdrawing the inapplicable designation.

8      5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in

9  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

10  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

11  under this Order must be clearly so designated before the material is disclosed or

12  produced.

13      Designation in conformity with this Order requires:

14          (a) for information in documentary form (e.g., paper or electronic

15  documents, but excluding transcripts of depositions or other pretrial or trial

16  proceedings), that the Producing Party affix at a minimum, the legend

17  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or the legend

18  "ATTORNEYS EYES ONLY" (hereinafter "ATTORNEYS EYES ONLY legend"),

19  to each page that contains protected material. If only a portion or portions of the

20  material on a page qualifies for protection, the Producing Party also must clearly

21  identify the protected portion(s) (e.g., by making appropriate markings in the

22  margins).

23      A Party or Non-Party that makes original documents available for inspection

24  need not designate them for protection until after the inspecting Party has indicated

25  which documents it would like copied and produced. During the inspection and

26  before the designation, all of the material made available for inspection shall be

27  deemed "CONFIDENTIAL" or "ATTORNEYS EYES ONLY." After the

28  inspecting Party has identified the documents it wants copied and produced, the

Rutan & Tucker, LLP
attorneys at law

2835/033910-0020
14402109.1 a11/27/19

-6-

Case No.  2:19-cv-06103 CJC(PJWx)
[PROPOSED] STIPULATED
PROTECTIVE ORDER

1  Producing Party must determine which documents, or portions thereof, qualify for
2  protection under this Order. Then, before producing the specified documents, the
3  Producing Party must affix the "CONFIDENTIAL legend" or the "ATTORNEYS
4  EYES ONLY legend" to each page that contains Protected Material. If only a
5  portion or portions of the material on a page qualifies for protection, the Producing
6  Party also must clearly identify the protected portion(s) (e.g., by making appropriate
7  markings in the margins).

8      (b) for testimony given in depositions that the Designating Party identify the
9  Disclosure or Discovery Material on the record, before the close of the deposition all
10 protected testimony.

11     (c) for information produced in some form other than documentary and
12 for any other tangible items, that the Producing Party affix in a prominent place on
13 the exterior of the container or containers in which the information is stored the
14 legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY." If only a portion or
15 portions of the information warrants protection, the Producing Party, to the extent
16 practicable, shall identify the protected portion(s).

17     5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent
18 failure to designate qualified information or items does not, standing alone, waive
19 the Designating Party's right to secure protection under this Order for such material.
20 Upon timely correction of a designation, the Receiving Party must make reasonable
21 efforts to assure that the material is treated in accordance with the provisions of this
22 Order.

23 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

24     6.1    Timing of Challenges. Any Party or Non-Party may challenge a
25 designation of confidentiality at any time that is consistent with the Court's
26 Scheduling Order.

27     6.2    Meet and Confer. The Challenging Party shall initiate the dispute
28 resolution process under Local Rule 37.1, et seq. Any discovery motion must strictly

Rutan & Tucker, LLP
attorneys at law
2835/033910-0020
14402109.1 a11/27/19
-7-
Case No. 2:19-cv-06103 CJC(PJWx)
[PROPOSED] STIPULATED
PROTECTIVE ORDER

1  comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

2      6.3   <u>Burden</u>. The burden of persuasion in any such challenge proceeding

3  shall be on the Designating Party. Frivolous challenges, and those made for an

4  improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

5  other parties) may expose the Challenging Party to sanctions. Unless the

6  Designating Party has waived or withdrawn the confidentiality designation, all

7  parties shall continue to afford the material in question the level of protection to

8  which it is entitled under the Producing Party's designation until the Court rules on

9  the challenge.

10  7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

11      7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

12  disclosed or produced by another Party or by a Non-Party in connection with this

13  Action only for prosecuting, defending, or attempting to settle this Action. Such

14  Protected Material may be disclosed only to the categories of persons and under the

15  conditions described in this Order. When the Action has been terminated, a

16  Receiving Party must comply with the provisions of section 13 below (FINAL

17  DISPOSITION).

18      Protected Material must be stored and maintained by a Receiving Party at a

19  location and in a secure manner that ensures that access is limited to the persons

20  authorized under this Order.

21      7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

22  otherwise ordered by the court or permitted in writing by the Designating Party, a

23  Receiving Party may disclose any information or item designated

24  "CONFIDENTIAL" only to:

25      (a) the Receiving Party's Outside Counsel of Record in this Action, as well as

26  employees of said Outside Counsel of Record to whom it is reasonably necessary to

27  disclose the information for this Action;

28      (b) the officers, directors, and employees (including House Counsel) of the

Rutan & Tucker, LLP
attorneys at law

2835/033910-0020
14402109.1 a11/27/19                    -8-

Case No.  2:19-cv-06103 CJC(PJWx)
[PROPOSED] STIPULATED
PROTECTIVE ORDER

1  Receiving Party to whom disclosure is reasonably necessary for this Action;

2       (c) Experts (as defined in this Order) of the Receiving Party to whom

3  disclosure is reasonably necessary for this Action and who have signed the

4  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5       (d) the court and its personnel;

6       (e) court reporters and their staff;

7       (f) professional jury or trial consultants, mock jurors, and Professional

8  Vendors to whom disclosure is reasonably necessary for this Action and who have

9  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10       (g) the author or recipient of a document containing the information or a

11  custodian or other person who otherwise possessed or knew the information;

12       (h) during their depositions, witnesses, and attorneys for witnesses, in the

13  Action to whom disclosure is reasonably necessary provided: (1) the deposing party

14  requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will

15  not be permitted to keep any confidential information unless they sign the

16  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

17  agreed by the Designating Party or ordered by the court. Pages of transcribed

18  deposition testimony or exhibits to depositions that reveal Protected Material may

19  be separately bound by the court reporter and may not be disclosed to anyone except

20  as permitted under this Stipulated Protective Order; and

21       (i) any mediator or settlement officer, and their supporting personnel,

22  mutually agreed upon by any of the parties engaged in settlement discussions.

23      7.3   Disclosure of "ATTORNEYS EYES ONLY" Information or Items.

24  Unless otherwise ordered by the court or permitted in writing by the Designating

25  Party, a Receiving Party may disclose any information or item designated

26  "ATTORNEYS EYES ONLY" only to:

27       (a) the Receiving Party's Outside Counsel of Record in this Action;

28       (b) Experts (as defined in this Order) of the Receiving Party to whom

Rutan & Tucker, LLP
attorneys at law

2835/033910-0020
14402109.1 a11/27/19

-9-

Case No.  2:19-cv-06103 CJC(PJWx)
[PROPOSED] STIPULATED
PROTECTIVE ORDER

1 disclosure is reasonably necessary for this Action and who have signed the
2 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3     (c) the court and its personnel;

4     (d) court reporters and their staff;

5     (e) professional jury or trial consultants, mock jurors, and Professional
6 Vendors to whom disclosure is reasonably necessary for this Action and who have
7 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8     (f) the author or recipient of a document containing the information or a
9 custodian or other person who otherwise possessed or knew the information;

10     (g) any mediator or settlement officer, and their supporting personnel,
11 mutually agreed upon by any of the parties engaged in settlement discussions.

12 8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>
13 <u>IN OTHER LITIGATION</u>

14     If a Party is served with a subpoena or a court order issued in other litigation
15 that compels disclosure of any information or items designated in this Action as
16 "CONFIDENTIAL" or "ATTORNEYS EYES ONLY," that Party must:

17     (a) promptly notify in writing the Designating Party. Such notification shall
18 include a copy of the subpoena or court order;

19     (b) promptly notify in writing the party who caused the subpoena or order to
20 issue in the other litigation that some or all of the material covered by the subpoena
21 or order is subject to this Protective Order. Such notification shall include a copy of
22 this Stipulated Protective Order; and

23     (c) cooperate with respect to all reasonable procedures sought to be pursued
24 by the Designating Party whose Protected Material may be affected. If the
25 Designating Party timely seeks a protective order, the Party served with the
26 subpoena or court order shall not produce any information designated in this action
27 as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" before a determination by
28 the court from which the subpoena or order issued, unless the Party has obtained the

Rutan & Tucker, LLP
attorneys at law
2835/033910-0020
14402109.1 a11/27/19
-10-
Case No. 2:19-cv-06103 CJC(PJWx)
[PROPOSED] STIPULATED
PROTECTIVE ORDER

1  Designating Party's permission. The Designating Party shall bear the burden and
2  expense of seeking protection in that court of its confidential material and nothing in
3  these provisions should be construed as authorizing or encouraging a Receiving
4  Party in this Action to disobey a lawful directive from another court.

5  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
6  PRODUCED IN THIS LITIGATION

7        (a) The terms of this Order are applicable to information produced by a Non-
8  Party in this Action and designated as "CONFIDENTIAL" or "ATTORNEYS
9  EYES ONLY." Such information produced by Non-Parties in connection with this
10 litigation is protected by the remedies and relief provided by this Order. Nothing in
11 these provisions should be construed as prohibiting a Non-Party from seeking
12 additional protections.

13       (b) In the event that a Party is required, by a valid discovery request, to
14 produce a Non-Party's confidential information in its possession, and the Party is
15 subject to an agreement with the Non-Party not to produce the Non-Party's
16 confidential information, then the Party shall:

17          (1) promptly notify in writing the Requesting Party and the Non-Party
18 that some or all of the information requested is subject to a confidentiality
19 agreement with a Non-Party;

20          (2) promptly provide the Non-Party with a copy of the Stipulated
21 Protective Order in this Action, the relevant discovery request(s), and a reasonably
22 specific description of the information requested; and

23          (3) make the information requested available for inspection by the
24 Non-Party, if requested.

25       (c) If the Non-Party fails to seek a protective order from this court within
26 14 days of receiving the notice and accompanying information, the Receiving Party
27 may produce the Non-Party's confidential information responsive to the discovery
28 request. If the Non-Party timely seeks a protective order, the Receiving Party shall

Rutan & Tucker, LLP
attorneys at law
2835/033910-0020
14402109.1 a11/27/19
-11-
Case No.  2:19-cv-06103 CJC(PJWx)
[PROPOSED] STIPULATED
PROTECTIVE ORDER

1    not produce any information in its possession or control that is subject to the

2    confidentiality agreement with the Non-Party before a determination by the court.

3    Absent a court order to the contrary, the Non-Party shall bear the burden and

4    expense of seeking protection in this court of its Protected Material.

5    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

7    Protected Material to any person or in any circumstance not authorized under this

8    Stipulated Protective Order, the Receiving Party must immediately (a) notify in

9    writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

10   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

11   persons to whom unauthorized disclosures were made of all the terms of this Order,

12   and (d) request such person or persons to execute the "Acknowledgment and

13   Agreement to Be Bound" that is attached hereto as Exhibit A.

14   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

15   PROTECTED MATERIAL

16         When a Producing Party gives notice to Receiving Parties that certain

17   inadvertently produced material is subject to a claim of privilege or other protection,

18   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

19   Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

20   may be established in an e-discovery order that provides for production without

21   prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar

22   as the parties reach an agreement on the effect of disclosure of a communication or

23   information covered by the attorney-client privilege or work product protection, the

24   parties may incorporate their agreement in the stipulated protective order submitted

25   to the court.

26   12.    MISCELLANEOUS

27         12.1   Right to Further Relief. Nothing in this Order abridges the right of any

28   person to seek its modification by the Court in the future.

Rutan & Tucker, LLP
attorneys at law

2835/033910-0020
14402109.1 a11/27/19                    -12-

Case No.  2:19-cv-06103 CJC(PJWx)
[PROPOSED] STIPULATED
PROTECTIVE ORDER

1     12.2   Right to Assert Other Objections. By stipulating to the entry of this

2  Protective Order no Party waives any right it otherwise would have to object to

3  disclosing or producing any information or item on any ground not addressed in this

4  Stipulated Protective Order. Similarly, no Party waives any right to object on any

5  ground to use in evidence of any of the material covered by this Protective Order.

6     12.3   Filing Protected Material. A Party that seeks to file under seal any

7  Protected Material must comply with Civil Local Rule 79-5. Protected Material may

8  only be filed under seal pursuant to a court order authorizing the sealing of the

9  specific Protected Material at issue. If a Party's request to file Protected Material

10  under seal is denied by the court, then the Receiving Party may file the information

11  in the public record unless otherwise instructed by the court.

12  13.   <u>FINAL DISPOSITION</u>

13     After the final disposition of this Action, as defined in paragraph 4, within 60

14  days of a written request by the Designating Party, each Receiving Party must return

15  all Protected Material to the Producing Party or destroy such material. As used in

16  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

17  summaries, and any other format reproducing or capturing any of the Protected

18  Material. Whether the Protected Material is returned or destroyed, the Receiving

19  Party must submit a written certification to the Producing Party (and, if not the same

20  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

21  (by category, where appropriate) all the Protected Material that was returned or

22  destroyed and (2)affirms that the Receiving Party has not retained any copies,

23  abstracts, compilations, summaries or any other format reproducing or capturing any

24  of the Protected Material. Notwithstanding this provision, Counsel are entitled to

25  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

26  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

27  reports, attorney work product, and consultant and expert work product, even if such

28  materials contain Protected Material. Any such archival copies that contain or

Rutan & Tucker, LLP
attorneys at law
2835/033910-0020
14402109.1 a11/27/19
-13-
Case No.  2:19-cv-06103 CJC(PJWx)
[PROPOSED] STIPULATED
PROTECTIVE ORDER

1  constitute Protected Material remain subject to this Protective Order as set forth in

2  Section 4 (DURATION).

3  14.     Any violation of this Order may be punished by any and all appropriate

4  measures including, without limitation, contempt proceedings and/or monetary

5  sanctions.

6          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7

8

9  Dated:  November 27, 2019          RUTAN & TUCKER, LLP
                                      MICHAEL D. ADAMS
10                                     ALEJANDRO S. ANGULO
                                      MEREDITH L. WILLIAMS
11

12                                     By:      /s/ Alejandro S. Angulo

13                                        Alejandro S. Angulo
                                          Attorneys for Defendant
14                                        LULAROE, LLC

15 Dated:  November 27, 2019          DONIGER / BURROUGHS
                                      STEPHEN M. DONIGER
16                                     SCOTT ALAN BURROUGHS
                                      TREVOR W. BARRET
17

18                                     By:      /s/ Trevor W. Barrett

19                                        Trevor W. Barrett
                                          Attorneys for Plaintiff
20                                        UNICOLORS, INC.

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

2835/033910-0020
14402109.1 a11/27/19

-14-

Case No.  2:19-cv-06103 CJC(PJWx)
[PROPOSED] STIPULATED
PROTECTIVE ORDER

1    **L.R. 5-4.3.4 Attestation Regarding Signature**

2        The electronic filer attest that all other signatories listed, and on whose behalf

3    the filing is submitted, concur in the filing's content and have authorized the filing.

4    Dated:  November 27, 2019                By: _/s/ Alejandro S. Angulo_

5                                                  Alejandro S. Angulo

6

7        FOR GOOD CAUSE SHOWN, IT IS ORDERED.

8

9    Dated: _12/9/19_ _____        By: _Patrick J. Walsh_

10

11                                       Honorable ~~Cormac J. Carney~~
                                         United States ~~District~~ Judge

12                                                    *Magistrate*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

2835/033910-0020
14402109.1 a11/27/19

Case No.  2:19-cv-06103 CJC(PJWx)
[PROPOSED] STIPULATED
PROTECTIVE ORDER

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4      I, _____ [print or type full name], of

5 _____ [full address], declare under penalty of

6 perjury that I have read in its entirety and understand the Stipulated Protective Order

7 that was issued by the United States District Court for the Central District of

8 California on _____ [date] in the case of *Unicolors, Inc. v. Dollar General*

9 *Corporation et al.*, Case No. 2:19-cv-06103 CJC(PJWx). I agree to comply with and

10 to be bound by all the terms of this Stipulated Protective Order and I understand and

11 acknowledge that failure to so comply could expose me to sanctions and punishment

12 in the nature of contempt. I solemnly promise that I will not disclose in any manner

13 any information or item that is subject to this Stipulated Protective Order to any

14 person or entity except in strict compliance with the provisions of this Order.

15      I further agree to submit to the jurisdiction of the United States District Court

16 for the Central District of California for the purpose of enforcing the terms of this

17 Stipulated Protective Order, even if such enforcement proceedings occur after

18 termination of this action. I hereby appoint _____ [print or

19 type full name] of _____ [print or type

20 full address and telephone number] as my California agent for service of process in

21 connection with this action or any proceedings related to enforcement of this

22 Stipulated Protective Order.

23

24 Date: _____

25 City and State where sworn and signed: _____

26

27 Printed name: _____

28 Signature: _____

Rutan & Tucker, LLP
attorneys at law

2835/033910-0020
14402109.1 a11/27/19                    -16-                    Case No.  2:19-cv-06103 CJC(PJWx)
[PROPOSED] STIPULATED
PROTECTIVE ORDER